IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| **In re:** | * | Case No. 11-10200-RGM |
| | | (Chapter 7) |
| **MS GRAND, INC.,** | * | |
| Debtor. | * | |
| * * * * * * * | * * * * * * | |
| **WELLS FARGO BANK, NATIONAL ASSOCIATION,** *et al.* | * | |
| | * | |
| Plaintiff, | * | |
| v. | | Adversary No. 13-01182 RGM |
| | * | |
| **MS GRAND, INC.** *et al.*, | | |
| | * | |
| Defendants. | | |
| | * | |
| * * * * * * * * * * * * * | | |

**REPLY TO PLAINTIFFS' OPPOSITION TO
CHAPTER 7 TRUSTEE'S MOTION TO DISMISS COMPLAINT**

Raymond A. Yancey, Chapter 7 Trustee (the "Trustee"), for the estate of MS Grand, Inc. ("MS Grand"), by his attorneys, submits this Reply to the Plaintiffs' Opposition to Chapter 7 Trustee's Motion to Dismiss Complaint.

**PRELIMINARY STATEMENT**

On July 2, 2013, Wells Fargo Bank, N.A. and U.S. Bank, N.A., as Trustee, as Successor-in-Interest to Bank of America, N.A. ("Bank of America"), as Trustee for Morgan Stanley Capital I, Inc., Commercial Mortgage Pass-Through Certificates, Series 2007-Top27, by and

---
WHITEFORD, TAYLOR & PRESTON, LLP
Bradford F. Englander, VSB# 36221
Christopher A. Jones, VSB# 40064
Kenneth Oestreicher, *pro hac vice*
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9081 (tel)
(703) 280-3370 (fax)

*Special Counsel for the Raymond A. Yancey, Chapter 7 Trustee*

through C-III Asset Management LLC (the "Plaintiffs") initiated the above-captioned adversary proceeding by filing a two-count complaint, seeking: (i) to substantively consolidate the MS Grand bankruptcy estate with MS Grand Holdings, LLC ("Holdings") and; (ii) a determination that Holdings is the alter ego of MS Grand (the "Complaint").

On August 2, 2013, the Trustee moved to dismiss the Complaint on the grounds that Plaintiffs lacked standing, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (the "Rules"), and that Plaintiffs failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) (the "Motion to Dismiss").  On August 23, 2013, Plaintiffs filed an Opposition to the Motion to Dismiss (the "Opposition").  As explained more fully *infra*, Plaintiffs ignore completely several of the Trustee's arguments that are dispositive of Plaintiffs' claims.  Further, Plaintiffs' arguments that are responsive to the Trustee's contentions are erroneous, and should be rejected.

### I. THE PLAINTIFFS LACK STANDING TO ASSERT A CLAIM FOR SUBSTANTIVE CONSOLIDATION OR ALTER EGO.

In his Memorandum in Support of his Motion to Dismiss (the "Memorandum"), the Trustee argues that Plaintiffs lacked standing, pursuant to Rule 12(b)(1), to bring an action for substantive consolidation or alter ago because they were not creditors of MS Grand (or Holdings) and therefore lacked the requisite pecuniary interest in the MS Grand estate (substantive consolidation), and because Plaintiffs have suffered no "particularized" injury at the hands of MS Grand or Holdings (alter ago).  Memorandum at 7-10, 22-23.  In response, Plaintiffs first contend that they "unquestionably" have standing under Article III of the United States Constitution because they suffered an injury in fact, traceable to the challenged action, and it is likely that the injury can be redressed by a favorable decision by the Court.  Opposition at 9 (citing *Lujan v.*

2

*Defenders of Wildlife*, 504 U.S. 555 (1992)). In a similar vein, Plaintiffs contend that the Trustee "conflates" the party-in-interest inquiry "with the more basic issue of constitutional standing," appearing to argue that, as long as Plaintiffs have constitutional standing, their inability to be deemed parties-in-interest is irrelevant. Opposition at 9-10.

Plaintiffs are wrong on both aspects of their argument. In *Spain v. Williams (In re Williams)*, No. 09-36121, 2012 WL 115413, *2 (Bankr. E.D. Va. Jan. 13, 2012), this Court addressed the relationship between constitutional standing, on one hand, and the status of being a party-in-interest, on the other:

> A party must establish three elements to obtain constitutional standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the party must have suffered an injury in fact. There must be an invasion of some legally protected interest that is concrete and particularized and not conjectural or hypothetical. Second, the injury in fact must be fairly traceable to the challenged action. Finally, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id. In addition to these constitutional requirements, a person must be a party in interest to have standing in a bankruptcy case.*

*Id.* at *2 (emphasis added) (internal quotation marks and modifications omitted). Thus, the Trustee has not "conflated" constitutional standing with party-in-interest principles, as this Court has made clear that they are entirely separate inquiries, both of which must be satisfied for a litigant to have standing in a particular bankruptcy case.[1]

---

[1] The United States Court of Appeals for the Third Circuit, in *In re Global Technologies, Inc.*, 645 F.3d 201 (3d Cir. 2011), while recognizing that standing in a bankruptcy is also governed by the terms of 11 U.S.C. § 1109(b), further explained that "[p]ersuasive authority indicates that Article III standing and standing under the Bankruptcy Code are effectively coextensive." *Id.* at 210, 211. Thus, whether one considers party-in-interest status as an additional requirement for standing in a bankruptcy case (*In re Williams*, *supra*) or to be coextensive with Article III constitutional standing (*In re Global Technologies*), Plaintiffs do have not standing to file the Complaint because, as explained in the Memorandum and herein, they are not parties-in-interest in the MS Grand case.

### a. The Plaintiffs Do Not Have Constitutional Standing to Assert the Claims in the Complaint

First, Plaintiffs cannot satisfy Article III standing because they do not, and cannot, allege the existence of a sufficient injury-in-fact. *See Miller v. Johnson*, 515 U.S. 900, 929 (1995) (Stevens, J., dissenting) ("Because appellees have alleged no legally cognizable injury, they lack standing, and these cases should be dismissed."). Plaintiffs allege that they have suffered an injury in fact because "the Trustee is seeking to recover funds allegedly paid to the Plaintiffs by MS Grand on MS Grand Holdings' behalf." Opposition at 9. In other words, Plaintiffs' asserted injury-in-fact is being named a defendant in an avoidance action. Yet, Plaintiffs do not explain how the mere status a defendant – not even subject to a judgment against them – constitutes a "concrete and particularized" injury, and not one that is merely "conjectural or hypothetical." *See Lujan*, 504 U.S. at 560; *see also McInnes v. Lord Baltimore Employee Retirement Income Account Plan*, 823 F. Supp. 2d 360, 362 (D. Md. 2011) (holding that, when a defendant files a motion to dismiss for lack of standing, "the plaintiff bears the burden of proving that jurisdiction exists"). Here, the Plaintiffs have not suffered any harm, and may never suffer any, as a result of their status as defendants in a separate adversary proceeding.

*Lujan* establishes that the asserted injury, aside from being "concrete and particularized," must be to a "legally protected interest . . . ." *Id.*, *see* 13A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3531.4 (2008) ("It is not enough to establish standing that an identifiable interest has been injured. The injured interest must be one that the courts will recognize for standing purposes."). Plaintiffs would have this Court hold that transferees of constructively-fraudulent transfers somehow have a "legally protected interest" in not being sued for having received such transfers. This is not the law. *See Verrando v. ACS State & Local*

4

*Solutions, Inc.*, No. 3:08-2241, 2009 WL 2958370, *3 (N.D. Tex. Sept. 15, 2009) ("Plaintiffs do not have a legally protected right to engage in illegal conduct and be free from the consequences of that activity.") (internal quotation marks and modifications omitted); 13A FEDERAL PRACTICE & PROCEDURE, *supra* § 3531.4 ("A mere sense of grievance does not establish standing, not even when coupled with the self-inflicted injury of litigation burdens and expenses."). Plaintiffs are not challenging any prospective action by the Trustee. No right is being taken away from the Plaintiffs. They simply do not want to be defendants in an avoidance action. The law requires more.

Second, aside from establishing a concrete and particularized injury, Plaintiffs must be able to show that the injury is fairly traceable to the challenged action of the Trustee. *See Lujan*, 504 U.S. at 560. "The 'fairly traceable' requirement ensures that there is a genuine nexus between a plaintiff's injury and a defendant's alleged illegal conduct." *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 162 (4th Cir. 2000). Where, however, the link is "highly indirect" and "attenuated at best," plaintiffs will be denied standing. *See Frank Krasner Enters., Ltd. v. Montgomery County, Md.*, 401 F.3d 230, 234 (4th Cir. 2005) (quoting *Allen v. Wright*, 468 U.S. 737 (1984)). On this point, it is important to define what the Plaintiffs assert is the "injury" and what Plaintiffs contend is the "challenged action of the Trustee." Again, Plaintiffs asserted injury is its status as a defendant in a separate adversary proceeding in which "the Trustee is seeking to recover funds allegedly paid to the Plaintiffs by MS Grand on MS Grand Holdings behalf." Opposition at 9. Regarding the "challenged action of the Trustee," the Plaintiffs point to the alleged failure of MS Grand and Holdings to "observe[] proper corporate formalities," and to be "properly capitalized." *Id.* But, such asserted failures are not

5

traceable to Plaintiffs' having been sued in a separate adversary proceeding, but are traceable to *Plaintiffs' defenses* to such a lawsuit. Thus, the link between the asserted injury and the challenged action of the Trustee is thus "highly indirect," "attenuated at best," and is insufficient to grant Plaintiffs standing herein. *See Frank Krasner Enters., Ltd.*, *supra*.

### b. The Plaintiffs Are Not Parties-in-Interest in the MS Grand Bankruptcy

In addition to failing to meet the constitutional requirements for standing, Plaintiffs further lack standing to assert the claims in its Complaint, because they are not parties-in-interest in the MS Grand bankruptcy estate. Plaintiffs' efforts to distinguish the Trustee's standing cases in which courts denied standing to parties based solely on their status as defendants or potential defendants in actions brought by the trustee are unpersuasive. To be sure, the cases the Trustee cites and relies upon in the Memorandum do not involve litigants seeking substantive consolidation. But, Plaintiffs cannot explain why the legal principle for which these cases stand is inapplicable to the case *sub judice*.

It is spurious to argue, as Plaintiffs do, that the Trustee's case are distinguishable because a complaint to substantively consolidate is not related to the general administration of the bankruptcy case. *See, e.g.*, *In re Babcock & Wilcox Co.*, 250 F.3d 955, 958 (5th Cir. 2001) ("Substantive consolidation is one mechanism *for administering the bankruptcy estates* of multiple, related entities . . . .") (emphasis added); *Thermo Credit, LLC v. Cordia Commcn's Corp. (In re Cordia Commcn's Corp.)*, No. 11-00107, *2 (Bankr. M.D. Fla. Feb. 2, 2012) ("Substantively consolidating debtors' estates simplifies *the administration of interrelated bankruptcies* . . . .") (emphasis added); *In re Waterford Funding, LLC*, No. 09-22584, 2011 WL 338636, *9 (Bankr. D. Utah Jan. 31, 2011) ("Substantive consolidation of the Debtors . . . will

aid in the Trustee's *efficient administration of the estate*.") (emphasis added).  Substantive consolidation would affect the general administration of the MS Grand bankruptcy case the same way the relief sought in the cases cited in the Trustee's memorandum affected the general administration of those respective bankruptcy cases.  *See, e.g.*, *In re Miller*, 347 B.R. 48, 52 (Bankr. S.D. Tex. 2006) (holding that a litigant lacked standing to oppose the re-opening of a bankruptcy case, explaining that there is no authority "that being a defendant in a lawsuit brought by the Trustee, without more, makes [a litigant] a party in interest that has a right to be heard on bankruptcy case administration"); *see also* Memorandum 7-10 and the cases cited therein.

The Plaintiffs assert perfunctorily, without citation to legal authority, that they are "creditor[s], holding, at least, a contingent claim pending the outcome of the Avoidance Action." Opposition at 12.  Plaintiffs do not cite any authority for why they are a creditor of MS Grand, contingent or otherwise, "pending the outcome of the Avoidance Action."  Accordingly, Plaintiffs' position that they have creditor status should be rejected.

In further attempting to establish its standing, Plaintiffs assert that it retains it claims against Holdings and that the Deed-in-Lieu Agreement[2] – entered into between Holdings and Bank of America after Holdings defaulted on the Loan – did not eliminate the debt owed by Holdings.  Opposition at 12-13.  Aside from the fact that the Deed-in-Lieu Agreement did release Holdings from its obligations to Plaintiffs, Defendant's position is not, as Plaintiffs view it, that "one must be a creditor of all entities sought to be consolidated . . . ." Opposition at 13.  Rather, the Trustee's position is that only creditors <u>of the debtor entity</u> have standing to seek

---

[2] Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Memorandum.

7

substantive consolidation.[3]  In this case, the Plaintiffs are creditors of neither the debtor-entity (MS Grand) nor the non-debtor entity (Holdings).[4]  Thus, for the reasons stated in the Memorandum and herein, the Complaint should be dismissed, pursuant to Rule 12(b)(1), for lack of standing.

      **II.**    **PLAINTIFFS FAIL TO ALLEGE A SUFFICIENT CLAIM FOR SUBSTANTIVE CONSOLIDATION**.

The standards for substantive consolidation are well established, and the parties herein do not appear to dispute the various tests courts have established to determine the appropriateness of granting substantive consolidation.  *See In re Gordon Props., LLC*, 478 B.R. 750, 755 (E.D. Va. 2012); *Union Savings Bank v. Augie/Restivo Baking Co., Inc. (In re Augie/Restivo)*, 860 F.2d 515 (2d Cir. 1988); *In re Auto-Train Corp., Inc.*, 810 F.2d 270 (D.C. Cir. 1987).  Although the tests vary in wording, in substance, for the Court to order substantive consolidation, there must be either a failure to maintain separate identities and the lack of reliance on the separate identities by the creditors, or a benefit and lack of prejudice to all creditors by granting substantive consolidation.

In the Memorandum, the Trustee analyzed the controlling principles and why the Complaint was deficient.  *Id.* at 10-17.  The Trustee asserts that, although the Complaint includes numerous formulaic allegations reciting the factors that courts consider in substantive

---

[3]     The Trustee did not assert, as the Plaintiffs claim he does, that creditors lacks standing to assert a claim for substantive consolidation or that such a claim is barred by the automatic stay.  *See* Opposition at 12.  The Trustee's position is simply that Plaintiffs are not creditors of MS Grand.

[4]     As explained *infra*, bankruptcy courts lack subject-matter jurisdiction to consolidate a debtor with a non-debtor entity.

8

consolidation cases, the Complaint does not state specific facts that support the relief requested, *i.e.*, the substantive consolidation of MS Grand and Holdings. *Id.*

In the Opposition, Plaintiffs repeat several of these formulaic allegations but fail to show how the factual allegations in the Complaint satisfy the appropriate legal standard. For example, Plaintiffs do nothing more than cite to the alleged lack of following corporate formalities, lack of accounting systems and controls, unity of ownership among MS Grand, the Kangs and Holdings. But, again, "a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

Not only are Plaintiffs' contentions mere formulaic recitations of elements of substantive consolidation, but certain of these contentions are contradicted by the facts alleged in Plaintiffs' Complaint and by Plaintiffs' arguments in its Opposition. Plaintiffs assert that it would be costly and time consuming to unravel the affairs of the Kangs, Holdings and MS Grand. But, Plaintiffs concede that Holdings was established as a single-purpose entity to hold some of the real estate that the Kangs acquired to open their Chicago stores. *See* Complaint ¶ 30; Exhibit 3 to Complaint § 4.3; Opposition at 4. Because Holdings was a single-purpose entity, Plaintiffs' collateral, consisting of real estate and rents, was segregated from the assets of the Kangs and MS Grand. Holdings was, as its name suggests, a holding company. It is illogical to argue that the business affairs of Holdings were "entangled" with that of MS Grand, when for all practical purposes, Holdings did not operate a business and was dissolved in 2010. Thus, it would not be difficult to separate Holdings business from that of MS Grand.[5] Accordingly, because Plaintiffs

---

[5] The absurdity of Plaintiffs' position is highlighted by the statement that "MS Grand may be able to assert claims against the tenants (of Holdings) for these amounts (the unpaid rent)."

fail to allege a sufficient claim for substantive consolidation, the Court should dismiss Count I of the Complaint.

### III. THE COURT LACKS SUBJECT-MATTER JURISDICTION TO SUBSTANTIVELY CONSOLIDATE MS GRAND WITH A NON-DEBTOR ENTITY.

In the Memorandum, the Trustee acknowledges the split in authority as to whether a non-debtor can be substantively consolidated with a debtor. Memorandum at 17. The Trustee also explains why the better view is that courts lack subject-matter jurisdiction to order the substantive consolidation of a debtor and non-debtor, and why doing so improperly circumvents the protections provided in section 303 of the Bankruptcy Code for parties involuntarily placed into bankruptcy. *Id.* at 17-18.

Plaintiffs do not address the jurisdictional arguments, or otherwise argue why the contrary line of authority is more persuasive. Instead, the Plaintiffs mostly cite cases which held that consolidation of a non-debtor and debtor was permissible, the existence of which the Trustee concedes. Plaintiffs' only substantive argument is that the protections provided under section 303 of the Bankruptcy Code should not apply under the present circumstances. Plaintiffs state that "because MS Grand Holdings is the alter ego of MS Grand, it is not entitled to the same procedural safeguards [under section 303 of the Bankruptcy Code] that a truly independent non-debtor would receive." Opposition at 17. But, this argument presumes the outcome, *i.e.*, that the Court finds that Holdings is the alter ego of MS Grand. Even assuming alter-ego non-debtors are "not entitled to the same procedural safeguards that . . . truly independent non-debtor[s] . . .

---

Opposition at 16. Plaintiffs know full well that these tenants do not exist and such a suggestion is impossible.

receive," until such time as this Court decides the alter-ego issue, Holdings is entitled to the same safeguards provided for in section 303 of the Bankruptcy Code.

The Trustee further acknowledges that the Richmond Division of this Court, in *In re Fas Mart Convenience Stores*, 320 B.R. 587, 594 (Bankr. E.D. Va. 2004), stated that consolidation of a debtor and non-debtor might be permissible in "the most unusual and compelling circumstances." The Trustee also points out, however, that the *Fas Mart* court refused to do so and that the Trustee is unaware of any reported or unreported case within the Fourth Circuit in which the consolidation of a non-debtor with a debtor has been upheld. Memorandum at 19. In the instant case, the Plaintiffs are not parties-in-interest in the MS Grand bankruptcy case, and lack standing to file the Complaint. The Plaintiffs seek substantive consolidation for the sole purpose of possibly providing a defense in an avoidance action. These factual circumstances do not present the basis for the Court to provide extraordinary relief that has never been granted in a reported case in the Fourth Circuit.

Because Holdings was merely a holding company – extinct since 2010 – the only effect of the substantive consolidation would be to give Plaintiffs an advantage in the adversary proceeding in which the Plaintiffs are defendants, which is not justification for substantive consolidation under any relevant authority. *See In re Owens Corning*, 419 F.3d 195, 216 (3d Cir. 2005) (declining to grant substantive consolidation where "it is . . . a tactic used as a sword and not a shield").

**IV.    PLAINTIFFS FAIL TO ADEQUATELY PLEAD A CAUSE OF ACTION FOR SUBSTANTIVE CONSOLIDATION.**

In the Motion to Dismiss, the Trustee asserts that the Complaint fails to satisfy the notice-pleading requirements of *Twombly* and *Iqbal*, *supra*, because the Complaint contains nothing

more than formulaic recitations of allegations that courts consider in determining substantive consolidation cases. Memorandum at 16-17.

Plaintiffs, instead of citing to specific paragraphs of its Complaint passing muster under *Iqbal* and *Twombly*, can do nothing more than cite to the entire "Background" section of its Complaint. Plaintiffs must do more than rely on the "22-page and 118-paragraph" size of their Complaint. *See, e.g.*, *Keck v. Virginia*, No. 3:10-555, 2011 WL 4589997, *14 (E.D. Va. Sept. 9, 2011) ("Despite the length of the Complaint before the Court, [the] claim must fail because it is comprised of conclusory allegations unsupported by concrete facts."); *Sconiers v. Fresno County Superior Court*, No. 11-00113, 2011 WL 5884263, *8 (E.D. Cal. Nov. 23, 2011) ("Despite its extraordinary length, this complaint does not meet that minimal [notice-pleading] standard."). Simply put, the Plaintiffs do not identify any concrete facts to support its claims. There are no facts alleged that support substantive consolidation of Holdings and MS Grand, specifically. Although Plaintiffs quoted numerous statements from prior court filings about the *Kangs*' alleged failures to maintain appropriate corporate formalities and procedures, none of these allegations, however, go to the justification of consolidating a bankruptcy remote entity like *Holdings* with *MS Grand*. Instead, Plaintiffs merely reference generally the statements included in the Complaint and make the conclusory argument that, somewhere in the Complaint, there are sufficient allegations to support its claims. *See Bank of Am., N.A. v. Knight*, 875 F. Supp. 2d 837, 852 (N.D. Ill. 2012) ("It is not the court's job to scour the complaint to determine which allegations support each count. It is plaintiff's job to do so . . . ."). Such pleading is insufficient and, accordingly, the Complaint should be dismissed.

### V. PLAINTIFFS' ALTER-EGO CLAIM SHOULD BE DISMISSED.

As stated in the Memorandum, there is no independent cause of action for an alter ego claim. *See* Memorandum at 20-21; *see, e.g.*, *Fidelity Nat'l Title Ins. Co. of N.Y. v. Bozzuto*, 227 B.R. 466, 471 n.8 (E.D. Va. 1998) ("The alter ego doctrine is a method of imposing liability on an underlying cause of action, not an independent cause of action.").[6]  Plaintiffs have not presented any authority to the contrary.

Plaintiffs only argument on the alter-ego issue is that the assertion of the alter-ego claim is not a violation of the automatic stay because "the automatic stay is implicated only when these actions are brought in a non-bankruptcy proceeding." Opposition at 18. The Trustee does not dispute the general proposition that "that the Code implicitly permits the filing of suit in the bankruptcy court against a debtor without violating the automatic stay," *In re Transcolor Corp.*, 296 B.R. 343, 358 (Bankr. D. Md. 2003). The Trustee's position was not that the Plaintiffs could never bring suit against a debtor in the bankruptcy court, but rather that a litigant violates the automatic stay by filing a civil action, in bankruptcy court or otherwise, that constitutes property of the estate. As explained in the Memorandum, the alter-ego remedy is property of the bankruptcy estate, and belongs solely to the Trustee. *See* Memorandum at 21-22. Thus, Plaintiffs' attempt to assert this cause-of-action violates section 362(a)(3) of the Bankruptcy Code, which stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . ." Moreover, as indicated above, the Trustee's principal argument is that alter ego is not a stand-alone cause of action, and should be

---

[6] In addition, to the extent that Plaintiffs contend that MS Grand is the alter ego of the Kangs, that attempt encroaches on the rights of the Trustee. *See* Memorandum at 21-22.

13

dismissed for that reason. Accordingly, Count II of the Complaint should be dismissed, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief may be granted.

Dated: August 30, 2013   Respectfully submitted,

/s/ Bradford F. Englander
WHITEFORD, TAYLOR & PRESTON L.L.P.
Bradford F. Englander (VSB #36221)
Christopher A. Jones (VSB #40064)
Kenneth Oestreicher (admitted *pro hac vice*)
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9081
(703) 280-3370 (facsimile)

*Special Counsel for Raymond A. Yancey, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2013, the foregoing was mailed via first-class mail, postage prepaid, to the following:

Gregory A. Cross
Darek S. Bushnaq
Catherine Guastello Allen
Venable LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202

/s/ Bradford F. Englander
Counsel

*2062843*